Jonathan G. Stein – SBN: 224609
LAW OFFICES OF JONATHAN G. STEIN
5050 Laguna Boulevard, Suite 112-325
Elk Grove, CA 95758
Telephone: (916) 247-6868
jonathan@jonathangstein.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PTG, INC., | CASE NO: |
| Plaintiff, | |
| vs. | JURY TRIAL DEMANDED |
| REPTILIAN NATION EXPO, RYAN MINARDI, JOHN DOES 1-10, | TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, INJUNCTIVE RELIEF, CONSPIRACY, FRAUD, DECLARATORY JUDGMENT |
| Defendant | WITH MOTION FOR PRELIMINARY INJUNCTION § 1135 INJUNCTIVE RELIEF (15 USC § 1116) |

## PLAINTIFF'S ORIGINAL COMPLAINT

### NATURE OF THE CASE

1.  This is a civil action and motion to secure immediate injunction relief and to recover damages for willful and intentional trademark infringement unfair competition and for willful violations of The U.S. Lanham Act 15 § 1051 *et seq.,* The Federal Trademark Dilution Act of 1995.

2.      The alleged infringement is a direct and willful infringement on Plaintiff's PTG, INC. (PTG) registered trademark SACRAMENTO REPTILE SHOW, Registration No. **6,971,011** (the "Trademark"), attached hereto as Exhibit "A", and, as such, Plaintiff requests an immediate hearing on the motion for injunctive relief requested in this complaint in order to prevent further economic loss and injury to the plaintiff and to maintain the statue quo of the trademark laws of the United States of America.

3.      Defendants REPTILIAN NATION EXPO (RNE) and RYAN MINARDI's willful unauthorized use of Plaintiff's trademark constitutes an infringement of Plaintiff's federally registered/state trademark rights in violation of Section 32(1) of the Lanham Act, 15 U.S.C § 1141(I). Accordingly, Plaintiff is entitled to recover treble damages for willful infringement violation of the Lanham Acts.

4.      Defendants have been notified of their infringing activities twice via Cease and Desist Letters dated November 8, 2021 and April 18, 2023, respectively. (True and correct copies of the Cease and Desist Letters are attached hereto as Exhibit "A," collectively).

5.      Defendants have ignored the Cease and Desist Letters as well and have nonetheless continued to willfully and knowingly infringe, without legal justification, in violation of Plaintiff's Trademark rights.

### THEFT OF A U.S. REGISTERED AND CALIFORNIA STATE TRADEMARK – PTG, INC.

6.      This action further seeks to recover damages for Racketeering Activity on the basis that the Defendants and their attorneys have knowingly, intentionally, and willfully engaged in illegal activity through theft and fraud, prohibited by Racketeer Corrupt

Organization Act, including the unauthorized use or control of intellectual property protected under federal laws of the United States in which damages, injunctive and other equitable relief are sought.

7.      Cause of Action: The instant claims are predicated on willful infringement of a United States registered trademark granted by the United States Patent and Trademark Office because Defendants, without authority, used a designation in interstate commerce in connection with the goods or services where the designation is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the defendants with another person, and Plaintiff has been or is likely to be damaged by these acts.

## TRADEMARK INFRINGEMENT
## CALIFORNIA TRADEMARK LAW

8.      Plaintiff further brings this action pursuant to the California Registered Trademark Act for Infringement to recover monetary damages under the State of California, for willful trademark infringement, unfair trade practices, trademark dress, unfair competition, fraud, and further because Defendants intentionally and knowingly used the exact same mark as Plaintiff in commerce, which has caused confusion as to the source of products and services, and thus, Plaintiff has suffered irreparable harm as a result of Defendants' on-going and continued use of the Trademark to sell similar goods and/or services, which further created confusion about the origin of Defendants' goods or services.

9.      Plaintiff has developed a protectable trademark right in federal, state law, and common law trademark.  Defendant, RNE, and its agents, have used, and continue to use,

without license Plaintiff's trademark in commerce, claiming it as their own in such a way that has been creating confusion, mistake, and/or deception with the consuming public.

10.     The confusion or use of the term REPTILIAN NATION EXPO used by Defendants demonstrates that its products and services are identical or equivalent to that of Plaintiff or purports to show that Defendants are somehow associated, affiliated, connected, approved, authorized, or sponsored by Plaintiff, but which, in fact, they are not.

11.     The Plaintiff has absolutely no affiliation with Defendants or any of its affiliates and has never granted Defendants authority to use its protected mark in commerce. Further, Plaintiff's, services are superior to those offered by Defendant so any assumed association has a negative impact on Plaintiff's goodwill associated with the Trademark

12.     Plaintiff further seeks a declaratory judgment under 28 USC § 2201 and § 2202 against the defendants, declaring the same unfair competition and fraudulent self-serving acts complained of which have been committed by the defendants and their agents to be unlawful in interstate commerce in the United States, and in the great State of California.

## JURISIDICTION AND VENUE

13. The jurisdiction of this court over this complaints is premised upon Title 15 U.S.0 § 7601 § 1693 *et seq*, The Lanham (Trademark) Act, 15 USC § 1023(c) §43(c) *et seq*, The Federal Trademark Dilution Act, 35 USC § 277, Federal jurisdiction is further based on 28 U.S.0 § 1331 (federal question).

14. This court further has personal jurisdiction over Defendants as their business activities are well-grounded and rooted within this district, selling products and services in California

JURY TRIAL DEMANDED TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, INJUNCTIVE RELIEF, CONSPIRACY, FRAUD, DECLARATORY JUDGMENT WITH MOTION FOR PRELIMINARY INJUNCTION § 1135 INJUNCTIVE RELIEF (15 USC § 1116) - 4

**15.** This court has jurisdiction over the unfair competition claims complained of herein under the provisions of 28 U.S.C. § 1338 in that the same claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. § 1051,et seq.

**16.** This court further has jurisdiction over the state law and common law claims contained in this complaint under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367 and is competent to rule on all of the claims asserted under state law, and common law, section 1981 of the Civil Rights Act of 1866, the common law of the State of California, 28 U.S.C. Sections §1331 and §1343(4) which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights and §1331, which confers original jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

## VENUE

**17.** Venue is proper in this District pursuant to 28 U.S.0 §1391(b) and §1391(c), because Defendants conduct interstate commerce and can be found operating within this district, where plaintiff is located, and conducts business, particularly in the State of California.

## PARTIES

18. Plaintiff PTG INC. is the undisputed registered owner of the U.S. and State trademark SACRAMENTO REPTILE SHOW Registration No. 90818329, with a Registration date of December 31, 1998.  (A true and correct copy of the U.S. Registered Trademark is attached hereto as Exhibit "A").

19. Plaintiff in general is complaining inter alia, of defendants' willful and reckless disregard for intellectual property rights of the plaintiff, including, but not limited to, the unlawful and unauthorized use of plaintiff's common law, California State Registered Mark, and federally registered trademark.

20. Plaintiff is further complaining of the unfair competition, intentional, reckless and willful disregard for law, and unauthorized use of plaintiff's well known federal trademark SACRAMENTO REPTILE SHOW, theft of the mark, trade mark dress, and other abusive and fraudulent acts which has harmed and is continuing to harm Plaintiff due to Defendants' negligence, and willful disregard of federal trademark laws of the United States of America.

21. Defendant RNE operates a network where it distributes its products or services under the trade name REPTILIAN NATION EXPO.

22. Defendant RNE and all of its agents form an enterprise within the meaning of 18 U.S.C. § 196(3) and § 1962(c), which engage in, or the activities of which affect, interstate commerce within the meaning of 18 U.S.C. § 1962.

23. It is specifically alleged herein that RNE has recently adopted and is using a designation similar to plaintiff's Trademark in interstate commerce called REPTILIAN NATION EXPO in connection with goods or services which are identical to the goods and services protected under the Trademark where the designation is causing confusion, or mistake, or deception as to the affiliation, connection, or association of the defendants' products and services with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts and /or continued to be damaged by the fraudulent acts.

24. Defendant RYAN MINARDI (MINARDI) is an individual of the full age and majority, and upon information and belief, is the Chief Executive Officer of Defendant RNE and uses and approves the use of a designation similar to Plaintiff's in interstate commerce called REPTILIAN NATION EXPO in connection with goods or services where the designation is continuing to cause confusion, or mistake, or deception as to the affiliation, connection, or association of the defendants products and services with plaintiff's product and services, and the plaintiff has been or is likely to be damaged by these acts and /or continued to be damaged by the fraudulent acts.

25. Defendant MINARDI is used in his individual and official capacity as Chief Executive Officer of RNE.

26. As CEO, and founder of the company, Defendant MINARDI authorizes the unauthorized use of plaintiff's trademark in commerce and stream of commerce within his company and unauthorized used throughout the company's dealer network.

27. Defendants RNE and MINARDI, separately and jointly, may be served at the registered address: 13304 Valley Boulevard, La Puente, California 91746.

## ADDITIONAL PARTIES

28. Plaintiff is presently without knowledge of all of the true names and capacities of all of the Defendants sues herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.

29. On information and belief, many of these unknown defendants are investors, employees, board members, board of directors, agents, attorneys, and manufacturers, dealers, and distributors, of the Defendant RNE.

30. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent, employee, manufacturer, or investor, and was acting individually, as well as in their representative capacity.

31. Plaintiff asserts in this civil action that the named Defendants are collectively involved in a civil conspiracy to defraud and to deprive plaintiff of intellectual property rights which rightfully and lawfully belongs to the estate of Plaintiff.

32. Plaintiff further asserts that defendants have been notified of the unlawful infringement as complained of herein by way of letters to its principal RNE.

33. Plaintiff or plaintiff's counsel reserves the right to amend this Complaint to allege all of their true names and capacities when ascertained.

34. Plaintiff further reserves the right to amend this lawsuit at any time prior to final judgment in this matter.

## **FACTUAL ALLEGATIONS – TRADEMARK INFRINGEMENT**

35. It is specifically alleged that RNE infringes plaintiff's registered trademark by the use of a counterfeited mark and Designation In Interstate Commerce with Goods or Services where the Designation is Likely To Cause Confusion, Mistake, or deception, as to the affiliation, connection, or Association of the Defendants with Plaintiff products and services and a result of such activity, Plaintiff has been or is likely to be damaged by these Acts, or will continue to be damaged by these acts.

36. In a scheme, to conspire, steal and/or defraud U.S intellectual property, and to deprive plaintiff of his intellectual property rights, RNE and its agents have reaped thousands of dollars in profits through employment of a pattern of racketeering activity, deceptive

practices, and has mislead the public with respects to status and ownership and use of the trademark being used as a counterfeit.

37. The conspiracy originated from RNE and elsewhere, whereby Defendants employed predatory, unconscionable, deceptive, and fraudulent trademarks violation acts on its product packaging, and websites, complained of herein, to use without license or authority plaintiff's intellectual property known as the SACRAMENTO REPTILE SHOW registered Trademark.

38. Plaintiff indisputably owns the exclusive right, title and interest the trademark SACRAMENTO REPTILE SHOW, including without limitation, all goodwill associated with the aforesaid trademark, U.S. Trademark Registration No. **6,971,011**, registered by the United States Patent & Trademark Office.

39.     Plaintiff indisputably owns the exclusive right, title and interest the trademark SACRAMENTO REPTILE SHOW, including without limitation, all goodwill associated with the aforesaid trademark, and has been using this mark since December 31, 1998.

40. Plaintiff's Trademark is which is prima facie evidence of the validity of Plaintiff's ownership and exclusive rights to use the federally registered mark shown therein in commerce, and are constructive notice of ownership thereof, as provided by Section 8(b) and 22 of the Lanham Act and Trademark Law Revision Act of 1988.

41. Plaintiff's Federal statutory rights in the SACRAMENTO REPTILE SHOW commenced December 31, 1998.

42. The said intellectual properties in dispute are registerable with the Department of Homeland Security, U.S. Customs, and Border Protection Office of Regulations & Rulings,

Intellectual Property Rights Branch Washington DC, and fully registered with the California Secretary of State.

43. Plaintiff has been using SACRAMENTO REPTILE SHOW trademark in connection with its business since December, 1998, for nearly three decades.

44. Since adopting its SACRAMENTO REPTILE SHOW trademark, Plaintiff has enjoyed widespread exclusive use of his trademarks as an indication of the source of its products and services.

45. Plaintiff has expended substantial amounts of money, time, and effort in advertising, popularizing and promoting its SACRAMENTO REPTILE SHOW trademark and invention so that the public has come to associate Plaintiff's trademark with products and services originating with Plaintiff.

46. However, due to the leverage of the amazing marketing power, RNE uses an unfair business tactic and advantage over plaintiff ,whereas defendants are able to use the same trademarks as the plaintiff and leverage of its vast marketing network, without a license, or authority, thereby, using the marks for its own purpose, unjustly enriching itself, but without a valid license resulting in unfair competition and fraud.

47. The services offered by Plaintiff and defendants are confusingly similar to the consuming public in that both Plaintiff and Defendants offer virtually the same type services and products leading to consumer confusion resulting in unfair competition.

48. Plaintiff's trademark is in connection with organizing, promoting and conducting exhibitions, tradeshows and events for both business and educational purposes and is now

presently being offered by Defendants and others but without a valid licenses or authorization to such trademarks.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114-1117; Lanham Act § 32)

49. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

50. Without Plaintiff's consent, Defendants have used, in connection with the sale, offering for sale, distribution or advertising of its products/goods, designs that infringe upon Plaintiff's registered trademark.

51. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

52. As a direct and proximate result of Defendants infringing activities, Plaintiff has suffered substantial and irreparable harm.

53. Defendants' infringement of trademark as alleged herein is an exceptional case and was intentional, entitling Plaintiff to treble damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

## COUNT II
## FEDERAL UNFAIR COMPETITION
### False Designation of Origin and False Description
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

54. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

55. Defendants' conduct constitutes the use of falsely describing the infringing product/services within the meaning of 15 U.S.C. § 1125(a). Defendants' conduct is likely

to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Plaintiff and in violation 15 U.S.C. § 1125(a).

56. As a direct and proximate result of Defendants infringing activities, Plaintiff has suffered substantial and irreparable harm.

## COUNT III
## FEDERAL DILUTON OF FAMOUS MARKS
### Trade Mark Dilution Revision Act of 2006
### 15 U.S.C. § 1125(c); Lanham Act § 43(c)

57. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

58. Plaintiff's trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

59. Defendants' activities as alleged herein, both separately and collectively, have diluted or are likely to dilute the distinctive quality of Plaintiff's trademark in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

60. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

61. Because Defendants willfully intended to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's famous trademark, Plaintiff is entitled to treble damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## COUNT IV
## CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT
### (CAL. BUS. & PROF. CODE  §§ 14245, 14247, 14250)

62. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

63. Defendants' infringement of Plaintiff's federal and state registered trademarks is likely to cause consumer confusion and dilution of LS&CO.'s trademarks in violation of California Business & Professions Code Sections 14245 and 14247.

64. Defendants infringed and diluted Plaintiff's trademarks with knowledge and intent to cause confusion, mistake or deception.

65. Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of Plaintiff for which California law allows the imposition of exemplary damages.

66. Pursuant to California Business & Professions Code §§ 14247 and 14250, Plaintiff is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by Plaintiff by reason of Defendants' manufacture, use, display or sale of infringing services/goods.

**COUNT V**
**CALIFORNIA UNFAIR COMPETITION**
**CAL. BUS & PROF. CODE § 17200**

67. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

68. Defendants' infringement of Plaintiff's trademarks constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

69. As a consequence of Defendants' actions, Plaintiff is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing goods.

**COUNT VI**
**UNJUST ENRICHMENT**

70. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

71. Defendant's use of the trademarks has caused and will continue to cause, a likelihood of confusion, mistake, or deception, all to the Plaintiff's irreparable injury and Defendant's unjust enrichment and benefit in violation of Plaintiff's common law and federally protected trademark rights and further constitutes fraud on the public because the public is mislead into believing that Defendants are the actual owners of this trademark, when they are in fact not.

72. Plaintiff has no adequate remedy at law and has suffered and will continue to suffer irreparable harm as a result of these fraudulent and flagrant infringements if these unlawful acts of the Defendants are allowed to continue.

**COUNT VII**
**CONSPIRACY TO VIOLATE 18 U.S.C. 1962(C)**
**RACKETEER INFLUENCE CORRUPT ORGANIZATION**

73. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

74. The defendants along with their employees, and agents, herein conspired among themselves to violate 18 U.S.C. §1962(c), by agreeing to conduct or participate in the

affairs of the enterprises referred to in this complaint through a pattern of unlawful racketeering activity and committed more than two acts of racketeering activity, including but not limited to accounting fraud, fraud, theft, and conversion, one of which occurred after the effective date of this racketeering chapter and the last of which occurred after the effective date of racketeering chapter and the last of which occurred within ten years after the commission of a prior act of racketeering activity and the racketeering activity is ongoing by the defendants.

75. The racketeering complained of includes but is not limited to, intellectual property theft, conversions, accounting fraud which wrongly accounts for illegal use of licensing, U.S patents and trademarks, frauds and swindles, fraud, theft of patented technology protected under U.S. law, and of moneys illegally gained from the unauthorized use, sale, or licensing of plaintiff's intellectual property described herein, and related to the TRADEMARK and fraudulent claims made to the public by the defendants, regarding the status of defendants use of intellectual property owned by the plaintiff, and several unlawful attempts to otherwise gain unlawful monies generated from the unlawful use of plaintiff's famous federally registered trademark and patented technology as setout herein above.

76. At all times relevant herein, it is alleged that the defendants, their employees, agents, attorneys, and all other persons acting in concert or purporting to act as representatives for the defendants, had devised a scheme, or artifice to defraud, or to obtain money or property from the illegal use and sale of plaintiff's intellectual property by means of false, or fraudulent pretenses, or to procure for unlawful use counterfeit devices, or spurious coin, and other devices used to defraud for the sole purpose of defrauding plaintiff and the public

of monies which were/are unlawfully gain and conversion of intellectual property rightfully and justly belonging to plaintiffs personal and business estate in violation of 18 U.S.C. §1341.

77. At all times pertinent herein the defendants knowingly delivered or caused to be delivered fraudulent matter via electronic wire, or email, to aid them in the commission of the acts complained of herein and did many times as complained of herein, advertise fraudulent documents, and devices and the said fraudulent documents was addressed to the public and plaintiff in further violation of 18 U.S.C. Section 1341.

78. It is further alleged that the acts committed by the defendants were unlawful in every respect because the defendants, attorneys, employees, or associates with the defendants conducted, lead, managed or directed the affairs of the enterprise by using fraud, conversion, conspiracy, and other unlawful means to run Defendant's enterprise.

79. The pattern of racketeering included criminal conduct that is related to theft of intellectual property, conversion, and "hijacking" of plaintiff's intellectual property and was continuous up until the filing of this lawsuit. The predicate acts extended from 2016 and continues as of the date of this filing.

80. With the deployment of deceptive practices the defendants were able to obtain millions upon millions in sales &credit transactions for themselves. The individual defendants named herein were employees of or associated with the enterprise.

81. The enterprise comprised attorneys, investors, employees, agents, dealers, and others to accomplish the said unlawful acts. On information and belief, the department of Homeland Security, department of Intellectual property, the Federal Bureau of Investigation (FBI)

and/or other federal and state agencies are presently investigating the infringement activities and theft of the intellectual property complained of herein.

COUNT VIII

DECLARATORY JUDGMENT

82. Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

83.  Specifically, plaintiff is entitled to a declaratory judgment as follows:

    a.  A declaratory judgment declaring that defendants have infringed the plaintiff's Trademark SACRAMENTO REPTILE SHOW;

    b.  A declaratory judgment that defendants have engaged in deceptive trade practices and deceit;

    c.  A declaratory judgment that defendants have absolutely no right to use the trademark in commerce;

    d.  A declaratory judgment that plaintiff is the sole owner which has exclusively right to use the federal trademark SACRAMENTO REPTILE SHOW;

    e.  A declaratory judgment that defendants violated California's Deceptive Trade practices by its unlawful use of Plaintiff's Trademark.

**PRAYER FOR JUDGMENT**

WHEREFORE, PREMISES CONSIDERED, Plaintiff PNG, INC. respectfully requests that this Court grant it the following relief:

    i.  Adjudge that Plaintiff's trademark has been infringed by Defendant in violation of its rights under common law, 15 U.S.C. § 1114 and/or California law.

ii.   Adjudge that Defendant has competed unfairly with Plaintiff in violation of its rights under common law, 15 U.S.C. § 1125(a) and/or California law.

iii.   Adjudge that Defendants activities are likely to or have diluted Plaintiff's famous trademark in violation of Plaintiff's rights under common law, 15 U.S.C. § 1125(c) and/or California law.

iv.   Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint ventures, and any person in active concert or participation with it, and/or any person acting for, with, by, through, or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

   a.   Manufacturing, producing, sourcing, importing, selling, offering for sale, 12 distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble Plaintiff's trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for Plaintiff including without limitation any product that bears any of the Defendant or any other approximation of Plaintiff's trademark;

   b.   Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or its products with Plaintiff for as to the origin of Defendant's goods/services, or any false designation of origin, false or misleading description or representation of fact, including without limitation any of the Defendants' designs.

c.   Further infringing the rights of Plaintiff in and to any of its trademarks in Plaintiff's brand products or otherwise damaging Plaintiff's goodwill or business reputation;

d.   Otherwise competing unfairly with Plaintiff in any manner; and

e.   Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

v.   Adjudge that Defendants be required immediately to supply Plaintiff's counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this Complaint

vi.   Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Plaintiff's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

vii.   Adjudge that Plaintiff recover from Defendants its damages and lost profits in an amount to  be proven at trial;

viii.   Adjudge that Defendants be required to account for any profits that are attributable to its illegal acts, and that Plaintiff be awarded the greater of (1) three times Defendants' profits or (2) three times any damages sustained by Plaintiff under 15 U.S.C. § 1117, plus prejudgment interest

ix.   Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of his infringing activities;

x.    Adjudge that Plaintiff be awarded its costs and disbursements incurred in connection with this action, including Plaintiff's reasonable attorneys' fees and investigative expenses; and

xi.   Adjudge that all such other relief be awarded to Plaintiff as this Court deems just and proper.

Dated this 3rd of May, 2023.          LAW OFFICES OF JONATHAN G. STEIN


by:__/s/ Jonathan G Stein_____
JONATHAN G. STEIN
Attorney for plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"

# United States of America

## United States Patent and Trademark Office

## SACRAMENTO REPTILE SHOW

**Reg. No. 6,971,011**

**Registered Feb. 07, 2023**

**Int. Cl.: 35, 41**

**Service Mark**

**Principal Register**

PTG INC  (CALIFORNIA CORPORATION)
9098 Laguna Main Street #5
Elk Grove, CALIFORNIA 95758

CLASS 35: Organizing and conducting exhibitions, trade shows and expositions for business purposes

FIRST USE 12-31-1998; IN COMMERCE 12-31-1998

CLASS 41: Organizing and conducting exhibitions and reptile shows for educational purposes

FIRST USE 12-31-1998; IN COMMERCE 12-31-1998

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "REPTILE SHOW"

SEC.2(F)

SER. NO. 90-818,329, FILED 07-08-2021



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office



**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

Case 2:23-at-00422   Document 1   Filed 05/04/23   Page 24 of 24

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.